UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| BRUCE L. CLARK,         Plaintiff, | : |
| v. | :    No. 5:21-cv-01855 |
| ALIGHT SOLUTIONS, LLC, and EXELON CORPORATION         Defendants. | : |

# **MEMORANDUM OPINION**

Following Bruce Clark's divorce, the State Court issued a qualified domestic relations order, which split Clark's retirement payments between him and his ex-wife. Clark filed an original complaint with this Court seeking to stop the payments to his ex-wife and to be reimbursed for payments already made to her. *See* Orig. Compl., ECF No. 1. This Court dismissed the Original Complaint without prejudice because Clark had not sufficiently alleged that the Court had subject matter jurisdiction over his claim.

Clark then filed an amended complaint with this Court, again attempting to stop the payments to his ex-wife. *See* Amend. Compl., ECF No. 40. This Court dismissed the Amended Complaint for three reasons. *See* ECF No. 47.

First, Clark had not met his burden of establishing diversity jurisdiction. Second, even if he had established diversity jurisdiction, the Court determined it was barred from reviewing Clark's claim under the *Rooker-Feldman* doctrine because essentially the same claim had already been litigated in State Court. Third, the Court determined it was likely also barred from reviewing Clark's claim under the domestic relations doctrine.

Clark has now filed a motion to "rescind" this Court's order dismissing his Amended Complaint. *See* Mot., ECF No. 49. Since Clark is a pro se litigant, the Court construes his Motion liberally to be a motion to reconsider the Court's order dismissing his Amended Complaint.

A motion to reconsider is used "to correct manifest errors of law or fact or to present newly discovered evidence." *Max's Seafood Café ex rel. Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999) (quoting *Harsco Corp. v. Zlotnicki*, 779 F.2d 906, 909 (3d Cir. 1985)). Thus, a party seeking reconsideration must show at least one of the following: "(1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court granted the motion; or (3) the need to correct a clear error of law or fact to prevent manifest injustice." *Id*. (citing *N. River. Ins. Co. v. CIGNA Reins. Co.*, 52 F.3d 1194, 1218 (3d Cir. 1995)).

In his Motion, Clark makes ad hominem attacks on the Court. For example, he alleges that "[t]his Court has shown itself to be a 'less-than-artful' dodger." Mot. 6. He also makes conclusory statements that are not supported by legal argument or analysis. For example, he asserts that he "cannot accept this Court's" decision because it includes "both significant errors and outright lies." *Id*. 9. Clark even includes a cartoon in his Motion, which is taken from a local newspaper. *Id*. 7. Clark cautions this Court that it "has only this one opportunity to rescind its actions" or else he will take his grievances to the media. *Id*. 9.

Clark's Motion, however, does not contain any of the necessary requirements for a successful motion to reconsider. He does not point to any intervening change in the controlling law. Nor does he present any new evidence that was not available when the Court dismissed the Amended Complaint. Nor has he shown a need to correct a clear error of law or fact to prevent

manifest injustice. As a result, Clark has not given the Court any legitimate reason to reconsider its order dismissing the Amended Complaint.

A separate order follows.

BY THE COURT:


*/s/ Joseph F. Leeson, Jr.*
JOSEPH F. LEESON, JR.
United States District Judge