IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| BRUCE L. CLARK, | : | |
| | : | |
| Plaintiff, | : | CIVIL ACTION NO. 21-1855 |
| | : | |
| v. | : | |
| | : | |
| ALIGHT SOLUTIONS, LLC and EXELON CORPORATION, | : | |
| | : | |
| | : | |
| Defendants. | : | |

**MEMORANDUM OPINION**

Smith, J.                                                                                                                December 14, 2022

This action involves the *pro se* plaintiff's claim that the defendants did not comply with a state-court issued qualified domestic relations order when they continued to pay his ex-wife certain benefits after the court-ordered period to do so had expired. Nine months ago, the court granted the defendants' motion to dismiss the operative complaint and dismissed this action with prejudice, primarily for lack of subject-matter jurisdiction. Although the plaintiff was dissatisfied with this dismissal, he did not file an appeal to the Third Circuit Court of Appeals. Instead, he sought reconsideration of the dismissal in part because he believed that the defendants had never responded to his operative complaint insofar as there was no proof that the counsel who had entered appearances on their behalf had authority to act on their behalf. As such, he argued that the defendants were in default for the failure to timely respond to his operative complaint, and he should therefore be entitled to a default judgment. The court rejected this argument and his other arguments in support of reconsideration.

Unsurprisingly, the plaintiff was also dissatisfied with the court declining to reconsider the dismissal of his case and refusing to enter a default judgment against the defendants. Yet, the

plaintiff again did not seek to raise his objections to the court's decision via the filing of an appeal. Instead, the plaintiff has chosen to repeatedly submit documents to the court in which he essentially argues that this action has not concluded and that he is entitled to a default judgment because (1) all prior orders and opinions entered on the docket, including the order dismissing this action, are inoperative because they (a) had electronic signatures instead of original signatures and (b) lacked an official seal, (2) defense counsel were not authorized to act on the defendants' behalf, and (3) the defendants are in default because they never filed any response to his operative complaint except through unauthorized defense counsel. Currently before the court are two of these documents, consisting of two motions for default judgment.

As discussed below, the plaintiff's inability to acknowledge the reality of the disposition of this case does not mean that the case had not concluded when the court dismissed with prejudice his operative complaint. He had a forum where he could have pursued his claims that the court erred in dismissing his case or in denying reconsideration, but he chose not to file an appeal with the Third Circuit. At this point, the plaintiff appears to believe that he will change the status of this case by continuing to falsely state that this matter is still pending. He is mistaken. This matter remains closed, the defendants are not in default, and he is not entitled to a default judgment. Accordingly, the court will deny the motions seeking a default judgment.

## I. BACKGROUND AND PROCEDURAL HISTORY

The *pro se* plaintiff, Bruce L. Clark ("Clark"), commenced this action by filing a complaint against the defendant, Alight Solutions ("Alight"), on April 19, 2021. *See* Doc. No. 1. In the complaint, Clark claimed that Alight did not comply with a Qualified Domestic Relations Order ("QDRO") when it continued to pay his ex-wife on a monthly basis after the period for her to receive monthly payments concluded. *See* Compl. at ECF p. 3, Doc. No. 1. For relief, Clark

requested that he be (1) reinstated as the recipient of the monthly payment, (2) reimbursed for all payments wrongfully made to his ex-wife, and (3) awarded his personal costs and a penalty. *See id.* at ECF p. 4.

This matter was originally assigned to the Honorable Joseph F. Leeson, Jr.[1] Subsequent to this assignment, the clerk of court docketed a document from Clark on April 26, 2021, which reads like an affidavit of service. *See* Doc. No. 4. In this document, Clark indicated that he personally served Alight with the complaint by certified mail he sent on April 15, 2021.[2] Clark attached to his apparent affidavit of service a certified mail return receipt which was signed by an individual named Keith Poppe. See Doc. No. 4 at ECF p. 4. There is no indication on the return receipt as to Keith Poppe's position with Alight. *See id.*

---

[1] Judge Leeson entered an initial procedural order on April 22, 2021, which informed the parties of the "rules of practice that must be followed in addition to this district's Local Rules of Civil Procedure." Initial Procedural Order at 1, Doc. No. 3.

[2] It appears that Clark attempted to serve Alight with the complaint by certified mail by mailing it well prior to the complaint being docketed with the court. This was improper. To the extent that Clark would somehow argue that the court should consider the complaint docketed at the time he mailed it to the clerk's office for filing, he would be incorrect as it is not considered filed until it is received by the clerk's office. *See* Fed. R. Civ. P. 5(d)(2) (stating that paper is deemed "filed" by "delivering it: (A) to the clerk; or (B) to a judge who agrees to accept it for filing, and who must then note the filing date on the paper and promptly send it to the clerk"); *McIntosh v. Antonio*, 71 F.3d 29, 36 (1st Cir. 1995) ("When papers are mailed to the clerk's office, filing is complete only upon the clerk's receipt of them."); *see also Maier v. Bucks Cnty.*, Civ. A. No. 18-4060, 2019 WL 689206, at *1 (E.D. Pa. Feb. 19, 2019) (concluding that complaint was deemed filed on date clerk of court received it rather than on date counsel mailed it to clerk of court; *Kareem v. F.D.I.C.*, 811 F. Supp. 2d 279, 282 (D.D.C. 2011) (referencing Rule 5(d)(2)(A) and explaining that "when a non-prisoner plaintiff mails a motion to the Court, the filing date is the date on which the motion was received, not the date on which the motion was sent"); *Wiss v. Weinberger*, 415 F. Supp. 293, 294 n.3 (E.D. Pa. 1976) (explaining that "[i]n contrast to service by mail, which Fed.R.Civ.P. 5(b) states is complete upon mailing, filing by mail is not complete until the complaint is delivered to an officer of the court who is authorized to receive it" (internal quotation marks and citation omitted)).

The court also notes that even if Clark were to argue that he properly served the complaint upon Alight insofar as Alight received it on the same day he filed it with the clerk of court, he would be mistaken. Clark apparently transmitted copies of the complaint to Alight and the clerk of court via certified mail, and he submitted copies of the certified mail receipts. *See* Doc. No. 4 at ECF pp. 3, 12. Using the United States Postal Service's mail tracker, https://tools.usps.com/go/TrackConfirmAction_input, it appears that Alight received its copy of the complaint on April 19, 2021, at 7:55 a.m., whereas the clerk's office received the complaint on April 19, 2021, at 2:01 p.m. This further shows that Clark attempted to serve a complaint that had not even been filed yet.

Also, as Judge Leeson would note in an order filed later in the case, there is no indication that Clark also provided Alight with a summons. *See* Fed. R. Civ. P. 4(c)(1)("A summons must be served with a copy of the complaint.").

3

Alight did not file a response to the complaint within 21 days after it allegedly received the complaint. On May 13, 2021, Judge Leeson's chambers sent a notice to Clark indicating that he should move for entry of default within 20 days or risk the court dismissing the case for lack of prosecution. *See* Default Notice at ECF p. 1, Doc. No. 5. This notice explicitly provided that it did "not express any opinion on whether service was properly effected pursuant to Federal Rule of Civil Procedure 4." *See id.* at ECF p. 1 n.1.

Seemingly in response to this notice, Clark filed two documents, albeit neither of them was a request that the clerk of court enter default against Alight under Rule 55(a) of the Federal Rules of Civil Procedure. *See* Doc. Nos. 6, 7.[3] After reviewing these documents, Judge Leeson entered an order on May 26, 2021, explaining to Clark that to the extent he was seeking a default judgment, he first needed to move for the clerk of court to enter default before seeking a default judgment. *See* May 26, 2021 Order at 1, Doc. No. 8. Judge Leeson also pointed out that there was a possible issue with service of process on Alight, and he encouraged Clark to review Rule 4 of the Federal Rules of Civil Procedure, Illinois law (where Alight is located), and Pennsylvania law (where the court sits) relating to service of process. *See id.* at 1–2 & n.2. Judge Leeson further directed Clark to ensure that proper service has been made on Alight. *See id.* at 1–2.

From June 8, 2021, through June 14, 2021, Clark filed (1) a request for the clerk of court to enter default against Alight (Doc. No. 9), (2) a motion for entry of a default judgment (Doc. No.

---

[3] In the first document, it seems as if Clark wanted Judge Leeson to "concur" with "directives" he presented to Alight via a May 12, 2021 "Formal Legal Notification to the Exelon Pension Plan Administrator." Doc. No. 6 at ECF pp. 1, 2. In this "Legal Notification", Clark explained that by Alight not having responded to his complaint, "it is conclusively presumed that [it] is conceding to the criminal charges as presented and is by default entering a guilty plea and is willing to accede to the requested payments and penalties as presented and prescribed by [Clark]." *Id.* at ECF p. 2.
   The second document Clark submitted is actually a series of documents covering 61 pages, where it is very much unclear what Clark was attempting to do. *See generally* Doc. No. 7. Giving these documents as liberal of an interpretation as possible, as Clark is proceeding *pro se*, it appears that Clark was attempting to seek a default judgment. *See, e.g., id.* at ECF p. 9 (indicating in letter to Alight that Clark was requesting default judgment).

10), and (3) an "Action for Recovery of Default Judgment," where it appeared that he was attempting to execute on the default judgment (which had not been entered yet) (Doc. No. 11). Judge Leeson entered an order on June 16, 2021,[4] which, *inter alia* (1) explained to Clark that he had not complied with the May 26, 2021 Order because he had not shown that he effected proper service on Alight insofar as (a) he attempted to effect service personally instead of having an adult who is not a party effect service as required by federal and state rules, (b) he has not shown that the individual who signed for the mail containing the complaint (Keith Poppe) was authorized to sign for the mail on the defendant's behalf, and (c) it did not appear that Clark served the summons along with a copy of the complaint, (2) denied Clark's request to have the clerk of court enter default and his motion for a default judgment, and (3) directed Clark, before he files any other document with the court, to explain to the court in a single document (and in a clear and concise manner) how service of the summons and the complaint had been properly effected on Alight. *See* June 16, 2021 Order at 1–3 & nn. 2–4.

Instead of complying with Judge Leeson's order, Clark filed an "Addendum of 06 July 2021 to Complaint" on July 9, 2021. *See* Doc. No. 13. In this 46-page document (which also consists of copies of previously filed documents), other than a passing reference by Clark where he apparently requested (or was requesting) Alight to waive service, there is no reference to how Clark had perfected service on Alight. *See generally id.* Instead, Clark complains that Alight is "adding unnecessary delay in the proceedings" and indicates that he is "requesting compensation for lost income, due to the delay, incurred by my involvement in dealing with this case, of the publication of my book which deals with advanced applied human behavioral psychology in the workplace." *Id.* at ECF p. 3.

---

[4] The order is dated for June 15, 2021, and was not docketed until June 16, 2021. *See* Doc. No. 12.

As Clark had still not indicated how he had perfected service on Alight, Judge Leeson entered an order on August 6, 2021, addressing the service issue. *See* Doc. No. 14. In this order, Judge Leeson, "[i]n an abundance of caution, and in light of [Clark's] *pro se* status," gave Clark "one final opportunity" to file proof of proper service on Alight by no later than September 7, 2021. *See* Aug. 6, 2021 Order at 1, Doc. No. 14. Judge Leeson also "encourage[d Clark] to consult the directives in [his] previous Orders, and the Order of June 15, 2021 in particular, so as to avoid repeating the deficiencies in service the Court has previously observed." *Id.* (internal citation omitted). Judge Leeson warned Clark that, if he did not submit proof of proper service of the summons and complaint upon Alight by September 7, 2021, the court would dismiss the action pursuant to Rule 4(m) of the Federal Rules of Civil Procedure.[5] *Id.* at 2.

Clark then proceeded to file three more documents between August 19, 2021 and August 26, 2021: (1) an exhibit where he calculated the "sum certain" due to him in the case (Doc. No. 15); (2) a motion for extension of time to effect proper service (Doc. No. 16); and (3) a motion where he appeared to ask for assistance from the clerk's office concerning the procedure for effecting service (Doc. No. 18). In response to these submissions, Judge Leeson entered orders on August 27, 2021, and August 31, 2021, which, *inter alia* (1) granted Clark's motion for additional time to serve Alight, (2) extended the time for Clark to file proof of proper service on Alight to October 8, 2021, (3) warned Clark that if he did not effect proper service by October 8, 2021, the court would dismiss the action pursuant to Rule 4(m), and (4) directed him to not file any additional documents with the court to the extent he wanted to seek guidance from the clerk's office about how to properly serve Alight in this case. *See* Doc. Nos. 17, 19.

---

[5] Rule 4(m) provides that the plaintiff must serve "a defendant . . . within 90 days after the complaint is filed[.]" Fed. R. Civ. P. 4(m). The Rule also provides that if the plaintiff does not serve the defendant within this period the court "must dismiss the action without prejudice against that defendant or order that service be made within a specified time." *Id.*

6

Although somewhat unclear, it appears that Clark served Alight via a private process server on October 1, 2021. *See* Doc. No. 21. Alight then timely filed a motion to dismiss the complaint on October 22, 2021. *See* Doc. No. 24. In the motion, Alight asserted that it was improperly named as a defendant in the complaint and claimed the proper defendant was Exelon Corporation ("Exelon"), acting through its Vice President of Employee Health and Benefits. *See* Mem. of Law in Supp. of Def.'s Mot. to Dismiss Pl.'s Compl. ("Mot. to Dismiss Mem.") at 1, Doc. No. 24-1.[6] Alight also asserted that the court should dismiss the complaint under (1) Rule 12(b)(7) of the Federal Rules of Civil Procedure because Clark failed to name a necessary party—his ex-wife—as a defendant and (2) Rule 12(b)(6) because he failed to state a plausible claim for relief insofar as the Court of Common Pleas retained jurisdiction over the QDRO at issue. *See id.* at 5–6, 8–11.

In response to the motion to dismiss, Clark filed a motion to have the court prohibit Alight's counsel, who had entered their appearances on October 22, 2021, *see* Doc. Nos. 22, 23, from representing Alight.[7] *See* Doc. No. 27. He also filed a motion for the entry of default, a default judgment, and a writ of execution against Alight. *See* Doc. No. 29. Alight separately filed memoranda of law in opposition to both motions. *See* Doc. Nos. 28, 30. The parties then engaged in a series of exchanges where Clark kept filing motions claiming that the court should not consider any documents submitted by defense counsel and should also enter default and a default judgment against Alight, and Alight filed letters opposing those motions. *See* Doc. Nos. 31–36.

On January 5, 2022, Judge Leeson entered a memorandum opinion and order resolving the numerous motions and requests that were filed. *See* Doc. Nos. 37, 38. Concerning Alight's motion

---

[6] According to defense counsel, Clark is a former Exelon employee and a participant in its pension plan. *See* Mot. to Dismiss Mem. at 1.

[7] Clark appears to base his opposition to defense counsel's appearance because (1) Alight "is the actual and only Defendant in this official civil complaint litigation" and (2) he has "never been able to work with anyone at [Exelon] to gain resolution of this issue; [instead, he has] always been referred instead by their telephone representatives to their human resources contractor, [Alight]." *See* Doc. No. 27 at ECF p. 2.

7

to dismiss, Judge Leeson granted the motion and dismissed the complaint without prejudice. *See* Jan. 5, 2022 Order at 1, Doc. No. 38. In dismissing the complaint, Judge Leeson determined that the court lacked subject-matter jurisdiction insofar as the complaint did not sufficiently allege diversity jurisdiction or raise a federal question. *See* Mem. Op. at 6–7, Doc. No. 37. In addition, Judge Leeson explained that even if Clark had adequately alleged subject-matter jurisdiction, *Rooker-Feldman* prevented the court from reviewing the case.[8] *See id*. at 6, 8. Judge Leeson provided Clark with 21 days from the date of the dismissal order to file an amended complaint. *See* Jan. 5, 2022 Order at 1.

Clark filed an amended complaint on January 27, 2022,[9] naming Alight and Exelon as defendants. *See* Am. Compl. at 1, Doc. No. 40. On February 9, 2022, defense counsel entered appearances on behalf of both defendants. *See* Doc. Nos. 41, 42.

Clark was apparently sending numerous e-mails to Judge Leeson's chambers and to members of his staff because, on February 10, 2022, he entered an order directing Clark to stop seeking legal advice from the court. *See* Feb. 10, 2022 Order at 1, Doc. No. 43. Judge Leeson also directed Clark to copy all opposing parties on any e-mail communication with the court and to consult with the Pro Se Guidelines that were issued to him and Judge Leeson's policies and procedures. *See id.* (citing Doc. No. 2; Leeson Pol. & Proc. I(A)(1)).

On the same date as Judge Leeson's order, the defendants filed a motion to dismiss the amended complaint. *See* Doc. No. 44. Clark filed a response in opposition to that motion on February 28, 2022. *See* Doc. No. 46. On March 11, 2022, Judge Leeson entered a memorandum

---

[8] The *Rooker-Feldman* doctrine "prohibits District Courts from adjudicating actions in which the relief requested requires determining whether the state court's decision is wrong or voiding the state court's ruling." *Walker v. Horn*, 385 F.3d 321, 329 (3d Cir. 2004) (quoting *Desi's Pizza, Inc. v. City of Wilkes-Barre*, 321 F.3d 411, 419 (3d Cir. 2003)).

[9] Technically, Clark filed the amended complaint a day late, as the 21st day was January 26, 2022, which was not a weekend or federal holiday.

opinion and order which granted the motion to dismiss, dismissed the amended complaint with prejudice, and directed the clerk of court to close the case. *See* Doc. Nos. 47, 48. In his memorandum opinion, Judge Leeson determined that (1) the court lacked subject-matter jurisdiction over the action because Clark did not meet his burden of establishing diversity jurisdiction, (2) the court was barred from reviewing the claim under *Rooker-Feldman* "because essentially the same claim has already been litigated in State Court[,]" and (3) the court was "barred from reviewing the case, or abstains from reviewing the case, under the domestic relations doctrine." Mem. Op. at 11, Doc. No. 47. Judge Leeson also noted, as another alternative basis supporting dismissal, that Clark failed to name an indispensable party insofar as his ex-wife had an economic interest in the outcome of this suit, and he had not named her as a defendant in the amended complaint. *See id.* at 11 n.6. Judge Leeson also pointed out that if Clark had named his ex-wife as a party, her presence would defeat diversity jurisdiction insofar as both she and Clark are Pennsylvania citizens. *See id.*

Clark did not file a notice of appeal from Judge Leeson's order and opinion;[10] instead, on May 10, 2022, he filed a "Motion to Rescind" Judge Leeson's dismissal order.[11] *See* Doc. No. 49.

---

[10] Clark had 30 days to appeal from Judge Leeson's opinion and order. *See* Fed. R. App. P. 4(a)(1)(A) ("In a civil case, except as provided in Rules 4(a)(1)(B), 4(a)(4), and 4(c), the notice of appeal required by Rule 3 must be filed with the district clerk within 30 days after entry of the judgment or order appealed from."); Fed. R. Civ. P. 58(c) (providing that judgment is considered to be entered, when "a separate document is required, when the judgment is entered in the civil docket under Rule 79(a) and the earlier of these events occurs: (A) it is set out in a separate document; or (B) 150 days have run from the entry in the civil docket"). The 30th day fell on April 10, 2022. Nevertheless, as April 10, 2022, was a Sunday, Clark had until Monday, April 11, 2022, to file a notice of appeal. *See* Fed. R. Civ. P. 6(a)(1) (providing that when computing time, "[w]hen the period is stated in days or a longer unit of time: . . . (C) include the last day of the period, but if the last day is a Saturday, Sunday, or legal holiday, the period continues to run until the end of the next day that is not a Saturday, Sunday, or legal holiday.").

[11] In the motion, Clark argued that the law firm which filed the defendants' motion to dismiss the amended complaint did not represent the named defendants and, thus, the defendants never responded to the amended complaint and were in default. *See* Mot. to Rescind at ECF pp. 2, 3. As for the rest of the motion, it is undeniably confusing.

Clark appeared to be claiming that Judge Leeson erred in dismissing the action because (1) there was diversity jurisdiction, (2) *Rooker-Feldman* was "neither law nor a documented federal rule, just judicial guidance," (3) *Rooker-Feldman* was inapplicable because his case was separate from any state litigation relating to the QDRO, (4) Judge Leeson was "substantially bias[ed]" against Clark because he adopted the positions of (and used similar language to) the defendants in their motion to dismiss, and (5) the court was "making up its own rules as it wants." *Id.* at ECF pp.

Judge Leeson construed Clark's "Motion to Rescind" as a motion for reconsideration, and he entered a memorandum opinion and order denying the motion on May 12, 2022.[12] *See* Doc. Nos. 50, 51. Clark did not file an appeal from this decision.

Instead of appealing, and apparently undeterred by Judge Leeson's denial of his "Motion to Rescind," Clark filed a "Motion to Overturn the Court's Invalid Opinion (ECF No. 47) and Order (ECF No. 48) of 3/11/22, and Invalid Memorandum Opinion (ECF No. 50) and Order (ECF No. 51) of 5/12/22" on May 26, 2022. *See* Doc. No. 52. Clark also filed a "Motion to Enter & Enforce FRCP #55(a) Default and FRCP #55(b)(1) Default Judgment Against the Co-Defendants" on June 1, 2022. *See* Doc. No. 53. In response to this latter motion, the defendants filed a response in opposition on June 9, 2022. *See* Doc. No. 54.

On July 7, 2022, Judge Leeson entered two orders which denied Clark's motion to overturn the prior memorandum opinions and orders and his motion for a default judgment. *See* Doc. Nos. 55, 56. Clark followed these orders by filing another "Motion to Enter and Enforce FRCP Rule #55(b)(1) Default Judgment Against the Co-Defendants." Doc. No. 57. In this motion, Clark appeared to contend that (1) the court "lacks standing in this case," because it purportedly failed "to provide either verifiable or authenticated documentation due to both (a) lack of legitimate

---

4, 5, 6, 7. He also attacked the court by stating that it had "shown itself to be a 'less-than-artful' dodger." *Id.* at ECF p. 6.
    Then, despite these objections to Judge Leeson's memorandum opinion and order, Clark went on to state that he was "not asking the Court to change its position or ORDER." *Id.* at ECF p. 8. Instead, he submitted the motion "for public consumption" and believed that it would "provide [him] with opportunities to help [him] tell [his] story via various social and commercial media outlets." *Id.* He also noted that he was going to be filing a judicial conduct complaint. *See id.*
    After seemingly stating that he did not want Judge Leeson to change his decision, Clark then went back to claiming that Judge Leeson erred. *See id.* at ECF p. 9. He then threatened to "take [his] story public" unless Judge Leeson corrected his errors within 30 days. *Id.* He also stated that the court had "only this one opportunity to rescind its actions." *Id.*

[12] In denying the motion, Judge Leeson pointed out that Clark had not established any ground for reconsideration such as he did not (1) point to any intervening change in controlling law, (2) present any new evidence that was unavailable when the court dismissed the amended complaint, or (3) demonstrate a need to correct a clear error of law or fact or prevent manifest injustice. *See* May 12, 2022 Mem. Op. at 2–3 (citing *N. River Ins. Co. v. CIGNA Reins. Co.*, 52 F.3d 1194, 1218 (3d Cir. 1995)).

signatures and (b) lack of Court SEALS [sic] on what are filed as Court-certified documents filed in the PACER Court Records System;" (2) the court "has consistently accepted and restated" "[t]he blatantly repeated unsupportable lies, mistruths, distortions and allegations made by an unqualified third party[13] in their submittals;" (3) the defendants are in default insofar as they never responded to the amended complaint; (4) defense counsel "lacks documented authority from the Defendants to represent them and has caused unnecessary expenditure of [Clark's] and the Court's time and resources with their abject lies and legal distractions;" (5) due to the court's failure to properly authenticate documents it filed and defense counsel's lack of authorization to act on behalf of the defendants, his amended complaint "continues as an open Complaint;" and (6) the court "willingly, or out of ignorance or stupidity, failed to tell the truth," failed to follow "accepted Court procedures regarding 'official signatures and Court 'seals,'" and improperly "mirrored the language and reasoning offered by an unqualified third party in trying to overturn [his] legitimate claims of damages." *See* Doc. No. 57 at ECF pp. 2–7.

Chief Judge Sanchez reassigned this case from Judge Leeson's calendar to the undersigned's calendar on July 22, 2022. *See* Doc. No. 58. Subsequent to the reassignment of this case, the defendants filed a response in opposition to Clark's motion to enter and enforce default and default judgment on July 26, 2022. *See* Doc. No. 59. Clark then filed a document titled, "Cessation of Possible Arbitration with the Co-Defendants" on August 10, 2022. *See* Doc. No. 60. As with many of Clark's submissions, it is unclear what he was attempting to do in filing this document. He once again asserts that the defendants failed to file a response to his amended complaint. *See* Doc. No. 60 at ECF p. 4. He then threatens the undersigned that if the undersigned "just assign[s the case] to a clerk," he will hold the undersigned "personally responsible." *Id.* at

---

[13] The court presumes that Clerk is referencing defense counsel here.

11

ECF p. 5. He also requests that if the court files any documents, those documents "must have an actual (or electronic facsimile) signature along with an actual multicolored Court seal." *Id.* Clark next goes on to warn the defendants that if they do not "resolve" his complaint by September 6, 2022, and "pay the then current SUM CERTAIN," he will add a $1 million penalty at an interest rate of 1.5% per month and will "personally take [his] story of legal, Court and corporate 'trust' issues public." *Id.*

On October 12, 2022, Clark filed a document titled, "Precise Calculation of the Current Uncontested Sum Certain." *See* Doc. No. 61 (emphasis omitted). In this document, Clark again repeats his belief that the defendants are in default and that he is entitled to a default judgment against them. *See id.* at ECF pp. 2, 3. Clark then claims that someone posing as a member of the court has filed documents in the case "incorporating lies along with misinterpreted poorly related legal precedents and misapplied Court doctrines." *Id.* at ECF p. 2 (citing Doc. Nos. 57, 59, 60). Clark also asserts that this individual posing as a court officer

> provided [mostly] . . . either "word for word" fallacious arguments as supplied by a non-responsible (no actual signatures, only typewritten names) unauthorized "third party" posting as the attorneys for the Co-Defendants, or [provided] restated misstated misapplied Court doctrines . . ., putting [him] on the defensive even though the facts and evidence of the case were both obvious and clearly presented by [him] in [his] favor; a clear misuse and abuse of legal and judicial processes.

*Id.* He further claims that every document filed by the court through Doc. No. 56 "w[as] invalid due to their lack of valid, verifiable signatures and/or approved Court seals and must therefore be **stricken from the record**." *Id.* at ECF p. 3.

Clark then filed two documents on October 31, 2022. *See* Doc. Nos. 62, 63. Both documents are copies of a "Petition for Resolution of the Complaint Facts to the Judicial Council of the Third Circuit in Response to the Memorandum Opinion and Order of September 13, 2022." Doc. Nos. 62, 63. It appears that Clark provided copies of this petition to the undersigned and to

the Honorable Jeffrey L. Schmehl. *See* Doc. No. 62 at ECF p. 1 (addressed to undersigned); Doc. No. 63 at ECF p. 1 (addressed to Judge Schmehl).[14]

The purported "petition" is directed to the Third Circuit Court of Appeals' "Circuit Executive & Chief Judge, Michael A. Chagares." *Id.* at ECF p. 4. It appears that through the petition, Clark is attempting to challenge a decision by the Judicial Council of the Third Circuit dated September 13, 2022, which dismissed Clark's judicial misconduct complaint.[15] *See id.* at ECF pp. 4–10, 15–19.[16]

The final document Clark submitted for the court's consideration is a document titled, "<u>Updated</u> Status of this Incomplete Litigation & Required Motion to Enter and Enforce FRCP Rule #55(b)(1) Default Judgement [sic] Against the Co-Defendants." Doc. No. 65. In this document, Clark "update[s]" the "status of this incomplete litigation" by contending again that (1) the court lacks standing in the case due to the lack of "legitimate signatures" and "lack of Court SEALS [sic]" on court documents; (2) an "unqualified third party" has submitted documents to

---

[14] Judge Schmehl appears to now be the presiding judge over another action Clark filed in this court, *see Clark v. Ratchford Law Grp., PC, et al.*, Civ. A. No. 21-3358 (E.D. Pa.), as that matter was reassigned from Judge Leeson's calendar to Judge Schmehl's calendar on July 29, 2022. *See* July 29, 2022 Order, *Clark v. Ratchford Law Grp., PC, et al.*, Civ. A. No. 21-3358 (E.D. Pa.), Doc. No. 54.

[15] In his petition, Clark also includes the following colorful description of what he (and purportedly, his wife) believes about the "Court's makeup:"

- The Courts are mere "phantoms" made up of Judges unwilling to be held responsible for their actions (no actual signatures of inviolate Court seals)[.]
- There are "Ghosts" in the Courts (Law clerks, etc.) who do much of the investigative work with little or no judicial oversight.
- There are "Goblins" in the Courts (possibly some mischievous legal assistants and secretaries) who do the brunt of the work on a routine basis with little or no formal legal training or certification and issue most, if not all, of the "official" documentation with only a typed name provided for the supposedly responsible party. Hence, there exists no foolproof traceability and accountability.

Doc. No. 62 at ECF p. 11. Despite this assertion of the "Court's makeup," Clark can be assured that no actual phantoms, ghosts, or goblins were involved in the drafting of this opinion and the separately filed order.

[16] Soon after copies of Clark's petition to the Judicial Council of the Third Circuit were docketed, Clark filed a letter to the clerk of court indicating that the clerk's office had improperly filed copies of those petitions, which he had intended to be "Private Communications." *See* Doc. No. 64.

13

the court with "repeated unsupportable lies, mistruths, distortions and allegations;" (3) the defendants are in default relative to the amended complaint; and (4) the law firm, Salmon, Richezza, Singer & Turchi, LLP, "lacks documented authority from either of the Co-Defendants to represent them" in this action. *Id.* at ECF p. 2. Clark also requests a default judgment against the co-defendants because (1) "they have both accepted the title of Exelon Pension Plan Administrator" and (2) they "failed to challenge [his] charges for relief of damages (ECF No. 40) due to their 'breach of contract' of [his] Court-certified QDRO of 2016." *Id.* at ECF p. 3. Clark also warns that the "Court's failure to act positively on these material facts is a tacit admission of its own complicit behavior and possible fraud." *Id.*

## II.  DISCUSSION

Although the court has used a considerable portion of this opinion to describe how this matter has proceeded to this point, resolving what is currently before the court, namely two motions for a default judgment, is quite simple and requires very little discussion. Despite Clark's continued protestations, this case **concluded** on March 11, 2022, when Judge Leeson dismissed the amended complaint with prejudice. As such, the clerk of court cannot enter default against the defendants, and Clark would not be entitled to a default judgment.

Since Clark's submissions continue to show a complete lack of understanding of the law, the court will provide him with an explanation as to how he got here. It started with Clark filing an action in federal court that Judge Leeson ultimately determined could not be heard in federal court. At that point, if Clark believed that Judge Leeson incorrectly dismissed the case for any reason (including because Clark believed defense counsel was not authorized to act on the defendants' behalf, the defendants were in default, the court's documents were unauthentic, etc.), he had three options: (1) file a timely notice of appeal to the Third Circuit Court of Appeals, (2)

14

file a motion for reconsideration under Rule 59(e) of the Federal Rules of Civil Procedure, or (3) file a motion for relief from an order or judgment under Rule 60(b) of the Federal Rules of Civil Procedure. Clark did not choose the first option.[17] Clark also did not choose the second option.[18]

Instead, Clark chose the third option and filed a "Motion to Rescind," which Judge Leeson liberally construed as a motion for reconsideration.[19] *See* Doc. No. 49. In this motion, Clark raised arguments as to why the March 11, 2022 dismissal was incorrect, and it appears that he asserted all the contentions that he has repeatedly emphasized since the dismissal, such as: (1) the court did not use an official and proper signature on the memorandum opinion and order, *see* Doc. No. 49 at ECF p. 36; (2) defense counsel does not have authorization to represent the defendants, *see id.* at ECF p. 2; (3) due to defense counsel lacking authority to act on the defendants' behalf, any documents filed by defense counsel were invalid and, as such, the defendants are in default because they never filed a response to his amended complaint, *see id.* at pp. 2–3; and (4) the March 11, 2022 opinion used similar language to the language used in the defendants' motion to dismiss, *see id.* at ECF p. 4. Judge Leeson rejected Clark's arguments and denied his request for reconsideration. *See* Doc. Nos. 50, 51.

Once Judge Leeson declined to reconsider the order dismissing the action, Clark again was presented with two options: (1) file a notice of appeal of the order denying reconsideration or (2) file a motion under Rule 60(b) seeking relief from the order. It appears that Clark again chose not to file an appeal from the order denying reconsideration or file a Rule 60(b) motion with respect

---

[17] As the court explained *supra*, Clark had until April 11, 2022, to file a notice of appeal to the Third Circuit. He did not file a notice of appeal.

[18] For Clark to have timely moved for reconsideration under Rule 59(e), he had to file the motion "no later than 28 days after the entry of the judgment." Fed. R. Civ. P. 59(e). The 28th day fell on April 8, 2022. Since Clark did not file his "Motion to Rescind" until May 10, 2022, Judge Leeson could not have granted relief under Rule 59(e).

[19] The court notes that this motion, to the extent it was a Rule 60 motion, would not have tolled the time for Clark to file a notice of appeal. In this regard, for the motion to have tolled the time to file an appeal, Clark had to file it "no later than 28 days after the judgment [was] entered." Fed. R. App. P. 4(a)(4)(A)(vi). As already explained, Clark did not file the "Motion to Rescind" within 28 days of the entry of Judge Leeson's dismissal order on March 11, 2022.

to this order. Instead, he again sought reconsideration of the March 11, 2022 dismissal order. *See* Doc. No. 52. Judge Leeson also denied this request. *See* Doc. No. 55.

The court would be remiss in not pointing out that Clark appears to have also chosen for himself a third option when responding to the court denying reconsideration; he attempted to obtain a default judgment yet again. *See* Doc. No. 54. This, he could not do, because, as Judge Leeson explained in his order denying the request for a default judgment, the court had dismissed his amended complaint with prejudice and closed this action. *See* Doc. No. 56.

At bottom, Clark had a forum in which he could have asserted his claims of error, the Third Circuit Court of Appeals. Yet, Clark did not choose this path initially upon the court dismissing his case or even after unsuccessfully seeking reconsideration of that dismissal. And now, as evidenced by the motions currently before the court, Clark has chosen the path of obstinance. He continues to assert baseless arguments as to why the court's orders and opinions or the defendants' submissions are invalid.[20] He also continues to wrongly assert that this action is somehow still pending and incomplete. He appears to believe that the more he files documents stating that the action is still pending and that the defendants are in default, it will somehow make it true. He also appears to believe that by threatening the court with accusations of fraud or other improprieties, or by threatening to take his experience in this case "public," the court will adopt his senseless

---

[20] Regarding Clark's assertion of the need of original signatures, the undersigned is making him aware that this court's Local Civil Rules provide that "[a]ny order filed electronically without the original signature of a judge has the same force and effect as if the judge had affixed the judge's signature to a paper copy of the order and it had been entered on the docket in paper copy filed in the traditional manner." E.D. Pa. Loc. Civ. R. 5.1.2(13). Thus, the use of an electronic signature on an order or opinion does not render it invalid or unenforceable. There is also not requirement that every court-filed document contain a seal.

As for Clark's assertions regarding defense counsel, they entered their appearances on behalf of Alight on October 22, 2021. *See* Doc. Nos. 22, 23. Then, after Clark had filed an amended complaint naming both Alight and Exelon Corporation as defendants, defense counsel entered their appearance on behalf of both defendants on February 9, 2022. *See* Doc. Nos. 41, 42. They entered their appearances prior to filing the motion to dismiss that Judge Leeson ultimately granted. *See* Doc. No. 44. Despite Clark's arguments to the contrary, defense counsel did not need to do anything more than enter their appearances to act on the defendants' behalf.

arguments and grant him the relief he seeks. If these are his beliefs, he is sorely mistaken. This matter has concluded. The defendants are not in default, and he may not obtain a default judgment against them. Accordingly, the instant motions seeking entry of a default judgment against the defendants are denied.[21]

The court will enter a separate order.

BY THE COURT:


/s/ *Edward G. Smith*
EDWARD G. SMITH, J.

---

[21] To the extent that these motions could possibly be considered as motions seeking relief under Rule 60(b), the court would deny the motions. Clark has not asserted any ground that could possibly constitute a basis for relief under subsections (1), (2), and (5). *See* Fed. R. Civ. P. 60(b)(1)-(2) (providing that court may "relieve a party or its legal representative from a final judgment, order, or proceedings for . . . (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); [or] (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable[.]"). To the extent that Clark is possibly seeking relief under subsection (3) by asserting that the defendants somehow committed fraud by acting through counsel who were not authorized to represent them, he would not be entitled to relief because counsel's entries of appearance were sufficient to show their authorization to act on the defendants' behalf. If Clark is possibly seeking relief under subsection (4) by arguing that Judge Leeson's orders and opinions are void because they lacked an original, non-electronic signature, he is not entitled to relief because the use of electronic signatures is authorized in this district and does not affect the force and effect of the orders and opinions. Finally, Clark does not identify "any other reason that justifies relief" under subsection (6).

In addition, to the extent these motions could possibly be considered as motions for reconsideration, the court would also deny the motions. A district court may grant a motion for reconsideration if (1) an intervening change in controlling law has occurred, (2) new evidence has become available, or (3) reconsideration is necessary to correct a clear error of law or prevent manifest injustice. *See Lazaridis v. Wehmer*, 591 F.3d 666, 669 (3d Cir. 2010) (per curiam) (citing *N. River Ins. Co. v. CIGNA Reinsurance Co.*, 52 F.3d 1194, 1218 (3d Cir. 1995)). As with his prior motion for reconsideration, Clark has not identified an intervening change in controlling law, new evidence which has become available to him after Judge Leeson dismissed and closed this case, or that the court must grant reconsideration to correct a clear error of law or prevent manifest injustice.